(33 Misc. Rep. 60.)

## BARBER v. LANE.

(Supreme Court, Special Term, New York County.   November, 1900.)

ARBITRATION—AWARD—APPEAL.

> Where an action pending in a municipal court was referred by stipulation to a referee, and the justice refused judgment on the referee's report, because he had no power to render it, the report should be upheld as an award, despite the fact that an appeal was contemplated in the stipulation.

Action by Simeon M. Barber against James T. Lane.   Heard on demurrer to complaint.   Demurrer overruled.

Henry C. Henderson, for demurrer.
Joseph M. Allen, opposed.

BISCHOFF, J.   The parties having entered into a stipulation that an action pending in the municipal court of the city of New York should be referred to a referee, and the reference having proceeded under an order made by the justice, the present action is brought upon the report of the referee as upon an award made after a submission to arbitrators at common law, the judgment contemplated by the stipulation having been refused by the justice because he possessed no power to render it.   The case of Diedrick v. Richley, 2 Hill, 271, is authority for the proposition that the report of a referee in an irregular reference inures as an award, and the authorities cited in the note at the foot of that case are to the same effect.

On behalf of the defendant, it is urged that the stipulation in suit did not contemplate a final determination,—a characteristic, generally, of a valid submission; the point being that, since the stipulation provided for the entry of judgment "with the same force and effect as upon trial by the court," an appeal must have been contemplated.   To this I think it is to be answered that in the cases above referred to, where the reference had been entered upon under a mistake of practice merely, the absence of finality was quite as much an incident to the expected prosecution as in the present case.   The parties in their stipulation merely recited something which was unnecessary if the reference had been regular, and the purpose of the recital was to render the proceedings no different from a reference regularly ordered.   Therefore the case is not logically to be distinguished from cases where all incidents of regularity had been assumed by the parties, mistakenly, to exist; for an appeal was no less in the minds of the latter, than within the expression of the present, litigants.   In fact, in the case of Diedrick v. Richley, judgment had been entered upon the irregular report, and an appeal taken, yet, when the judgment was set aside, the report was upheld as an award.   Again, the principle upon which such an award is enforced, where the reference, as such, fails, is that the proceedings are, in their legal effect, a submission to arbitration.   The parties are assumed to know that the irregular reference can amount to nothing, within the rules applicable to this form of procedure, and, since they are chargeable with knowledge that a judgment may not be

entered upon the report, they are equally chargeable with knowledge that the statutory provisions relating to appeals from judgments would not apply to a review of the facts submitted to the referee. No point is made in support of the demurrer upon the ground of another action pending, and I understand from the brief that this issue is abandoned by the demurrant.

Demurrer overruled, with costs; leave to plead over on usual terms.